# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### AMARILLO DIVISION



| | |
|---|---|
| TERRI MASSOUD, JACQUELINE OUGEL, And JOYCE SPEARS, Individually and on behalf Of others similarly situated, §§§§§ | |
| Plaintiffs, § | |
| § | CIV. ACTION NO. _____ |
| § | ECF |
| v. § | |
| § | |
| ANDERSON MERCHANDISERS, LP, §§ | |
| § | |
| Defendant. § | |

---

## COMPLAINT

---

## <u>JURISDICTION AND VENUE</u>

1.    This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 <u>et seq.</u> ("FLSA").

2.      Venue is proper in the United States District Court, Northern District of Texas, Amarillo Division, pursuant to 28 U.S.C. § 1391, because Defendant Anderson Merchandisers, LP ("Anderson"), is a resident of this judicial district.

## PARTIES

3.      Anderson is a Texas Limited Partnership doing business throughout the United States.  At all relevant times, Anderson was an "employer" within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Anderson may be served with summons by stipulation through its attorney, Daniel J. Coyle, at Downey Brand LLP, 621 Capitol Mall, 18th Floor, Sacramento, CA 95814.

4.      Plaintiff Teri Massoud is a resident of Georgia and worked as a sales representative in Columbus, Georgia during the applicable statute of limitations period.

5.      Plaintiff Jacqueline Ougel is a resident of Louisiana and worked as a sales representative in Louisiana during the applicable statute of limitations period.

6.      Plaintiff Joyce Spears is a resident of South Carolina and worked as a sales representative in South Carolina during the applicable statute of limitations period.

7.      Plaintiffs bring this action on behalf of themselves and other similarly situated employees pursuant to 29 U.S.C. § 216(b).  (See Consent Forms attached

as Exhibit A.) Plaintiffs and the similarly situated employees are individuals who were, or are, employed by Anderson as sales representatives.

## PROCEDURAL HISTORY

8.    On January 15, 2008, Kevin Carter, Justin Clouse, Deborah Lanasa and Michael Styles, filed a nationwide collective action against Anderson in the Central District of California (Eastern Division) alleging, among things, that Anderson violated the overtime provisions of the Fair Labor Standards Act ("FLSA") as it relates to compensating sales representatives. The case is titled Carter et al. v. Anderson Merchandisers, LP, 5:08-CV-00025 VAP (OPx), and is presently in litigation.

9.    On July 10, 2008, the Honorable Viginia A. Phillips, granted Plaintiffs' motion for conditional certification, which allowed Plaintiffs' counsel to issue notice of the lawsuit to all similarly situated sales representatives nationwide. (See Order dated July 10, 2008 attached as Exhibit B).

10.    The deadline to join the Carter case was on or about October 8, 2008. Since the deadline, there have been a number of sales representatives who have expressed a desire to join the lawsuit.  Anderson has refused, however, to allow such representatives to join the Carter case.

11.    As a consequence, Plaintiffs and the other sales representatives who have filed consent forms along with this Complaint, have commenced this action.

## COLLECTIVE ACTION ALLEGATIONS

12.    During the applicable statutory period, Plaintiffs and the similarly situated employees routinely worked as sales representatives for Anderson in excess of forty (40) hours per week without receiving overtime compensation.

13.    This practice violates the provisions of the FLSA, 29 U.S.C. § 201 et seq., specifically § 207(a)(1).  As a result of these unlawful practices, Plaintiffs and and the similarly situated employees suffered a loss of wages.

14.    Defendant showed reckless disregard for the fact that its failure to pay its sales representatives overtime compensation was in violation of these laws.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and all employees similarly situated who join in this action demand:

1.    Issuance of notice as soon as possible to all sales representatives who were employed by Anderson during any portion of the three years immediately preceding the filing of this action.  Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they worked hours in excess of forty (40) in any week during the statutory period, but were not paid overtime compensation;

2.    Judgment against Defendant for an amount equal to Plaintiffs' unpaid back wages at the applicable overtime rate;

3.    Judgment against Defendant that its violations of the FLSA were willful;

4.    An equal amount to the overtime damages as liquidated damages;

5.   To the extent liquidated damages are not awarded, an award of prejudgment interest;

6.   All costs and attorneys' fees incurred prosecuting these claims;

7.   Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

8.   Leave to amend to add claims under applicable state laws; and

9.   For such further relief as the Court deems just and equitable.


Dated: November 26, 2008                **THE YOUNG LAW FIRM, P.C.**

                                        */s/ Jeremi K. Young*
                                        Jeremi Young,
                                        State Bar No. 24013793
                                        112 West 8th Ave, Suite 900-D
                                        Amarillo, TX 79101
                                        Phone (806) 331-1800
                                        Fax (806) 398-9095
                                        jyoung@youngfirm.com

                                        ATTORNEY FOR PLAINTIFFS

# EXHIBIT A

## ANDERSON MERCHANDISERS PLAINTIFF CONSENT FORM

I hereby consent to join the action against Anderson Merchandisers as a Plaintiff to assert claims for unpaid wages and overtime pay. During the past three years, there were occasions when I worked over 40 hours per week for Anderson Merchandisers as a merchandiser or sales representative and did not receive overtime compensation.

_____    _____
Signature                                                                          Date

_____
Print Name

REDACTED

Fax, Mail or Email to:    Nichols Kaster & Anderson, PLLP
                          Attn. Matthew Morgan
                          4600 IDS Center, 80 South Eighth Street,
                          Minneapolis, MN 55402-2242
                          Fax: (612) 215-6870
                          Toll Free Telephone: (877) 448-0492
                          Email: morgan@nka.com
                          Web: www.overtimecases.com

REDACTED

---

### ANDERSON MERCHANDISERS PLAINTIFF CONSENT FORM

---

I hereby consent to join the action against Anderson Merchandisers as a Plaintiff to assert claims for unpaid wages and overtime pay. During the past three years, there were occasions when I worked over 40 hours per week for Anderson Merchandisers as a merchandiser or sales representative and did not receive overtime compensation.

Signature _____  Date  25 Nov 08

Print Name  Donna L Bouldin

REDACTED

Fax, Mail or Email to:    Nichols Kaster & Anderson, PLLP
Attn: Matthew Morgan
4600 IDS Center, 80 South Eighth Street,
Minneapolis, MN 55402-2242
Fax: (612) 215-6870
Toll Free Telephone: (877) 448-0492
Email: morgan@nka.com
Web: www.overtimecases.com

## ANDERSON MERCHANDISERS PLAINTIFF CONSENT FORM

I hereby consent to join the action against Anderson Merchandisers as a Plaintiff to assert claims for unpaid wages and overtime pay.  During the past three years, there were occasions when I worked over 40 hours per week for Anderson Merchandisers as a merchandiser or sales representative and did not receive overtime compensation.

_____  _____
Signature                Date

Lorna Demadura
Print Name

REDACTED

Fax, Mail or Email to:    Nichols Kaster & Anderson, PLLP
Attn. Matthew Morgan
4600 IDS Center, 80 South Eighth Street,
Minneapolis, MN 55402-2242
Fax: (612) 215-6870
Toll Free Telephone: (877) 448-0492
Email: morgan@nka.com
Web: www.overtimecases.com

REDACTED

Case 5:09-cv-00216-VAP-OP    Document 19    Filed 02/02/09    Page 10 of 47    Page ID
#:11
Case 2:08-cv-00220-J    Document 1-2    Filed 11/26/2008    Page 5 of 18

REDACTED

## ANDERSON MERCHANDISERS PLAINTIFF CONSENT FORM

    I hereby consent to join the action against Anderson Merchandisers as a Plaintiff to assert claims for unpaid wages and overtime pay. During the past three years, there were occasions when I worked over 40 hours per week for Anderson Merchandisers as a merchandiser or sales representative and did not receive overtime compensation.

                                        10/27/08

Signature              Date

GENE EVANS

Print Name

REDACTED

Fax, Mail or Email to:    Nichols Kaster & Anderson, PLLP
                        Attn. Matthew Morgan
                        4600 IDS Center, 80 South Eighth Street,
                        Minneapolis, MN 55402-2242
                        Fax: (612) 215-6870
                        Toll Free Telephone: (877) 448-0492
                        Email: morgan@nka.com
                        Web: www.overtimecases.com

REDACTED

## ANDERSON MERCHANDISERS PLAINTIFF CONSENT FORM

I hereby consent to join the action against Anderson Merchandisers as a Plaintiff to assert claims for unpaid wages and overtime pay.  During the past three years, there were occasions when I worked over 40 hours per week for Anderson Merchandisers as a merchandiser or sales representative and did not receive overtime compensation.

Signature                          Date  10-22-08

Print Name    JAY J. FAIRBANKS

REDACTED

Fax, Mail or Email to:    Nichols Kaster & Anderson, PLLP
Attn. Matthew Morgan
4600 IDS Center, 80 South Eighth Street,
Minneapolis, MN 55402-2242
Fax: (612) 215-6870
Toll Free Telephone: (877) 448-0492
Email: morgan@nka.com
Web: www.overtimecases.com

REDACTED

## ANDERSON MERCHANDISERS PLAINTIFF CONSENT FORM

I hereby consent to join the action against Anderson Merchandisers as a Plaintiff to assert claims for unpaid wages and overtime pay. During the past three years, there were occasions when I worked over 40 hours per week for Anderson Merchandisers as a merchandiser or sales representative and did not receive overtime compensation.

_____    10/8/8

Signature                           Date

Roberta T Green
Print Name

REDACTED

Fax, Mail or Email to:    Nichols Kaster & Anderson, PLLP
                          Attn. Matthew Morgan
                          4600 IDS Center, 80 South Eighth Street,
                          Minneapolis, MN 55402-2242
                          Fax: (612) 215-6870
                          Toll Free Telephone: (877) 448-0492
                          Email: morgan@nka.com
                          Web: www.overtimecases.com

REDACTED

## ANDERSON MERCHANDISERS PLAINTIFF CONSENT FORM

I hereby consent to join the action against Anderson Merchandisers as a Plaintiff to assert claims for unpaid wages and overtime pay. During the past three years, there were occasions when I worked over 40 hours per week for Anderson Merchandisers as a merchandiser or sales representative and did not receive overtime compensation.

Signature                                06-6-08
                                         Date

Joon Jenkins
Print Name

REDACTED

REDACTED

REDACTED

Fax, Mail or Email to:   Nichols Kaster & Anderson, PLLP
Attn. Matthew Morgan
4600 IDS Center, 80 South Eighth Street,
Minneapolis, MN 55402-2242
Fax: (612) 215-6870
Toll Free Telephone: (877) 448-0492
Email: morgan@nka.com
Web: www.overtimecases.com

Case 5:09-cv-00216-VAP-OP     Document 19     Filed 02/02/09     Page 15 of 47     Page ID
#:16
Case 2:08-cv-00220-J     Document 1-2     Filed 11/26/2008     Page 10 of 18

## ANDERSON MERCHANDISERS PLAINTIFF CONSENT FORM

I hereby consent to join the action against Anderson Merchandisers as a Plaintiff to assert claims for unpaid wages and overtime pay. During the past three years, there were occasions when I worked over 40 hours per week for Anderson Merchandisers as a merchandiser or sales representative and did not receive overtime compensation.

_Nancy A. Lewis_                    10·17·08
Signature                                Date

_NANCY  A.  Lewis_
Print Name

REDACTED

Fax, Mail or Email to:     Nichols Kaster & Anderson, PLLP
                           Attn. Matthew Morgan
                           4600 IDS Center, 80 South Eighth Street,
                           Minneapolis, MN 55402-2242
                           Fax: (612) 215-6870
                           Toll Free Telephone: (877) 448-0492
                           Email: morgan@nka.com
                           Web: www.overtimecases.com

Case 5:09-cv-00216-VAP-OP    Document 19    Filed 02/02/09    Page 16 of 47    Page ID
#:17
Case 2:08-cv-00220-J    Document 1-2    Filed 11/26/2008    Page 11 of 18

REDACTED

## ANDERSON MERCHANDISERS PLAINTIFF CONSENT FORM

I hereby consent to join the action against Anderson Merchandisers as a Plaintiff to assert claims for unpaid wages and overtime pay. During the past three years, there were occasions when I worked over 40 hours per week for Anderson Merchandisers as a merchandiser or sales representative and did not receive overtime compensation.

Signature _____  Date 11-3-08

Print Name  _Teri Massoud_

REDACTED

Fax, Mail or Email to:    Nichols Kaster & Anderson, PLLP
Attn. Matthew Morgan
4600 IDS Center, 80 South Eighth Street,
Minneapolis, MN 55402-2242
Fax: (612) 215-6870
Toll Free Telephone: (877) 448-0492
Email: morgan@nka.com
Web: www.overtimecases.com

REDACTED

## ANDERSON MERCHANDISERS PLAINTIFF CONSENT FORM

I hereby consent to join the action against Anderson Merchandisers as a Plaintiff to assert claims for unpaid wages and overtime pay.  During the past three years, there were occasions when I worked over 40 hours per week for Anderson Merchandisers as a merchandiser or sales representative and did not receive overtime compensation.

_Jacqueline Ougel_ _10/2008_
Signature                    Date

_Jacqueline Ougel_
Print Name

REDACTED

Fax, Mail or Email to:    Nichols Kaster & Anderson, PLLP
Attn. Matthew Morgan
4600 IDS Center, 80 South Eighth Street,
Minneapolis, MN 55402-2242
Fax: (612) 215-6870
Toll Free Telephone: (877) 448-0492
Email: morgan@nka.com
Web: www.overtimecases.com

REDACTED

## ANDERSON MERCHANDISERS PLAINTIFF CONSENT FORM

I hereby consent to join the action against Anderson Merchandisers as a Plaintiff to assert claims for unpaid wages and overtime pay. During the past three years, there were occasions when I worked over 40 hours per week for Anderson Merchandisers as a merchandiser or sales representative and did not receive overtime compensation.

_Steven Quoss_ _____ 8/14/08
Signature                          Date

_Steven Quoss_
Print Name

REDACTED

Fax, Mail or Email to:    Nichols Kaster & Anderson, PLLP
                          Attn. Matthew Morgan
                          4600 IDS Center, 80 South Eighth Street,
                          Minneapolis, MN 55402-2242
                          Fax: (612) 215-6870
                          Toll Free Telephone: (877) 448-0492
                          Email: morgan@nka.com
                          Web: www.overtimecases.com

## ANDERSON MERCHANDISERS PLAINTIFF CONSENT FORM

I hereby consent to join the action against Anderson Merchandisers as a Plaintiff to assert claims for unpaid wages and overtime pay. During the past three years, there were occasions when I worked over 40 hours per week for Anderson Merchandisers as a merchandiser or sales representative and did not receive overtime compensation.

_Arlene Sanchez_  9/20/08
Signature                        Date

ARLENE  SANCHEZ
Print Name

REDACTED

Fax, Mail or Email to:    Nichols Kaster & Anderson, PLLP
                          Attn. Matthew Morgan
                          4600 IDS Center, 80 South Eighth Street,
                          Minneapolis, MN 55402-2242
                          Fax: (612) 215-6870
                          Toll Free Telephone: (877) 448-0492
                          Email: morgan@nka.com
                          Web: www.overtimecases.com

## ANDERSON MERCHANDISERS PLAINTIFF CONSENT FORM

I hereby consent to join the action against Anderson Merchandisers as a Plaintiff to assert claims for unpaid wages and overtime pay. During the past three years, there were occasions when I worked over 40 hours per week for Anderson Merchandisers as a merchandiser or sales representative and did not receive overtime compensation.

_____    10/15/08
Signature                                    Date

Joyce Spears
Print Name

REDACTED

Fax, Mail or Email to:    Nichols Kaster & Anderson, PLLP
Attn. Matthew Morgan
4600 IDS Center, 80 South Eighth Street,
Minneapolis, MN 55402-2242
Fax: (612) 215-6870
Toll Free Telephone: (877) 448-0492
Email: morgan@nka.com
Web: www.overtimecases.com

Case 5:09-cv-00216-VAP-OP    Document 19    Filed 02/02/09    Page 21 of 47    Page ID
#:22
Case 2:08-cv-00220-J    Document 1-2    Filed 11/26/2008    Page 16 of 18

REDACTED

## ANDERSON MERCHANDISERS PLAINTIFF CONSENT FORM

I hereby consent to join the action against Anderson Merchandisers as a Plaintiff to assert claims for unpaid wages and overtime pay. During the past three years, there were occasions when I worked over 40 hours per week for Anderson Merchandisers as a merchandiser or sales representative and did not receive overtime compensation.

_____ 10-31-08
Signature                        Date

Sharon Stiles
Print Name

REDACTED

Fax, Mail or Email to:    Nichols Kaster & Anderson, PLLP
Attn. Matthew Morgan
4600 IDS Center, 80 South Eighth Street,
Minneapolis, MN 55402-2242
Fax: (612) 215-6870
Toll Free Telephone: (877) 448-0492
Email: morgan@nka.com
Web: www.overtimecases.com

Case 5:09-cv-00216-VAP-OP    Document 19    Filed 02/02/09    Page 22 of 47    Page ID
#:23
Case 2:08-cv-00220-J    Document 1-2    Filed 11/26/2008    Page 17 of 18

## ANDERSON MERCHANDISERS PLAINTIFF CONSENT FORM

I hereby consent to join the action against Anderson Merchandisers as a Plaintiff to assert claims for unpaid wages and overtime pay. During the past three years, there were occasions when I worked over 40 hours per week for Anderson Merchandisers as a merchandiser or sales representative and did not receive overtime compensation.

_____  7-28-08
Signature                Date

Jennifer Thomas
Print Name

REDACTED

Fax, Mail or Email to:    Nichols Kaster & Anderson, PLLP
                          Attn. Matthew Morgan
                          4600 IDS Center, 80 South Eighth Street,
                          Minneapolis, MN 55402-2242
                          Fax: (612) 215-6870
                          Toll Free Telephone: (877) 448-0492
                          Email: morgan@nka.com
                          Web: www.overtimecases.com

## ANDERSON MERCHANDISERS PLAINTIFF CONSENT FORM

I hereby consent to join the action against Anderson Merchandisers as a Plaintiff to assert claims for unpaid wages and overtime pay. During the past three years, there were occasions when I worked over 40 hours per week for Anderson Merchandisers as a merchandiser or sales representative and did not receive overtime compensation.

_Sharon Thornhill_        10-5-08
Signature                         Date

_Sharon Thornhill_
Print Name

REDACTED

Fax, Mail or Email to:     Nichols Kaster & Anderson, PLLP
                           Attn. Matthew Morgan
                           4600 IDS Center, 80 South Eighth Street,
                           Minneapolis, MN 55402-2242
                           Fax: (612) 215-6870
                           Toll Free Telephone: (877) 448-0492
                           Email: morgan@nka.com
                           Web: www.overtimecases.com

Case 5:09-cv-00216-VAP-OP    Document 19    Filed 02/02/09    Page 24 of 47    Page ID
#:25
Case 2:08-cv-00220-J    Document 1-3    Filed 11/26/2008    Page 1 of 21

# EXHIBIT B

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN CARTER, JUSTIN CLOUSE, DEBORAH LANASA, AND MICHAEL STYLES, individually, on behalf of all others similarly situated, and on behalf of the general public, | Case No. EDCV 08-25-VAP (OPx) |
| | **[Motion filed on June 2, 2008]** |
| Plaintiff, | **ORDER GRANTING MOTION FOR CONDITIONAL CERTIFICATION** |
| v. | |
| ANDERSON MERCHANDISERS, LP, and DOES 1-10, inclusive, | |
| Defendants. | |

Plaintiffs' Motion for Conditional Certification came before the Court for hearing on July 7, 2008.  After reviewing and considering all papers filed in support of, and in opposition to, the Motion, as well as the arguments advanced by counsel at the hearing, the Court GRANTS Plaintiffs' Motion for Conditional Certification.

///

Case 5:09-cv-00216-VAP-OP   Document 19   Filed 02/02/09   Page 26 of 47   Page ID
#:27
Case 2:08-cv-00252-VAP-OP   Document 57   Filed 06/26/2008   Page 2 of 20

# I. BACKGROUND

## A.   Procedural History

On January 10, 2008, Plaintiffs Justine Clouse, Deborah Lanasa, Michael Styles, and Kevin Carter filed a Complaint ("Compl.") on behalf of themselves and others similarly situated, naming as Defendant Anderson Merchandisers, LP.   The Complaint alleges violations of California, Oregon, and federal law for failure to pay overtime wages and provide appropriate meal and rest breaks to employees.   Plaintiff seeks to assert claims on behalf of a nationwide collective class pursuant to the Fair Labor Standards Act ("FLSA"), and California and Oregon classes pursuant to Federal Rule of Civil Procedure 23.   Defendant filed an Answer on February 13, 2008.

Plaintiffs filed this Motion to Certify Class Conditionally ("Mot.") on June 2, 2008, along with supporting declarations and exhibits.   Defendant filed an Opposition ("Opp'n") and supporting declarations and exhibits on June 16, 2008. On June 23, 2008, Plaintiffs filed a Reply with supporting declarations and exhibits.

## B.   Plaintiff's Collective Class Allegations

Plaintiffs and putative collective class members ("collectively Class Members") are or have been employed by Defendant as sales representatives.   (Compl. ¶¶ 2-4.)

2

Case 5:09-cv-00216-VAP-OP   Document 19   Filed 02/02/09   Page 27 of 47   Page ID
#:28
Case 2:08-cv-05220-VAP-OP   Document 57   Filed 12/26/2008   Page 3 of 20

1   Defendant failed to pay Class Members appropriate

2   compensation, including overtime compensation. (Compl. ¶

3   5.)  Defendant misclassified Class Members as "exempt"

4   from federal and state overtime laws, and misrepresented

5   to Class Members that they were not entitled to overtime

6   pay if they worked over forty hours in a week. (Id. ¶

7   20.)  During their employment by Defendant, Class Members

8   worked in excess of forty hours per work week, and yet

9   Defendant failed to pay them appropriate overtime

10  compensation. (Id. ¶ 36.)  Additionally, Defendant

11  failed to record, report, and preserve accurate records

12  of the hours Class Members worked. (Id. ¶ 37.)

13

14                    **II. LEGAL STANDARD**

15      Under the FLSA, an employer is liable to its

16  employees for any unpaid overtime compensation. See 29

17  U.S.C. §§ 207(a), 216(b).  An employee may maintain an

18  action on behalf of himself "and other employees

19  similarly situated."  29 U.S.C. § 216(b); see also Does I

20  though XXIII v. Advanced Textile Corp., 214 F.3d 1058,

21  1064 (9th Cir. 2000).  A "putative plaintiff must

22  affirmatively opt in to a § 216(b) action" by filing with

23  the district court a written consent to sue. Hipp v.

24  Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1216 (11th

25  Cir. 2001); see also Advanced Textile, 214 F.3d at 1064;

26  29 U.S.C. § 216(b).[1]

27  _____

        [1]By contrast, "[i]n a Rule 23 class action, each
28                                      (continued...)

                          3

1    "To maintain an opt-in class under § 216(b),
2  plaintiffs must demonstrate that they are 'similarly
3  situated.'"  Hipp, 252 F.3d at 1217; 29 U.S.C. § 216(b).
4  Though "similarly situated" is not defined in § 216(b)
5  and the Ninth Circuit has not prescribed a test for
6  determining when the standard has been met, at least two
7  courts in this district have used the two-tiered approach
8  adopted by the Fifth, Tenth, and Eleventh Circuits.  See
9  Pfohl v. Farmers Ins. Group, No. CV03-3080 DT (RCx), 2004
10 WL 554834, *2-3 (C.D. Cal. Mar. 1, 2004); Wynn v. Nat'l
11 Broadcasting Co., Inc., 234 F. Supp. 2d 1067, 1081-82
12 (C.D. Cal. 2002) (both citing Mooney v. Aramco Services
13 Co., 54 F.3d 1207, 1212 (5th Cir. 1995); Thiessen v.
14 General Electric Capital Corp., 267 F.3d 1095, 1102 (10th
15 Cir. 2001); and Hipp v. Liberty Nat'l Life Ins. Co., 252
16 F.3d 1208, 1216 (11th Cir. 2001)).  Other Ninth Circuit
17 district courts recently have followed this approach. See
18 Adams v. Inter-Con Sec. Sys., 242 F.R.D. 530, 536 (N.D.
19 Cal. 2007).

20
21  _____
22  (...continued)
    person who falls within the class definition is
23  considered to be a class member and is bound by the
24  judgment, favorable or unfavorable, unless he has opted
25  out."  Hipp, 252 F.3d at 1216.  Thus, while an FLSA
    representative action follows an "opt-in" procedure, a
26  Rule 23 class action follows an "opt-out" procedure.  See
27  Mooney v. Aramco Services Co., 54 F.3d 1207, 1212 (5th
28  Cir. 1995).

1   Under the two-tiered approach, a court first
2   determines, "on an <u>ad hoc</u> case-by-case basis, whether
3   plaintiffs are 'similarly situated.'" <u>Thiessen</u>, 267 F.3d
4   at 1102 (citing <u>Mooney</u>, 54 F.3d at 1213).  This is
5   typically referred to as the "notice stage" because the
6   court "makes a decision — usually based only on the
7   pleadings and any affidavits which have been submitted —
8   whether notice of the action should be given to potential
9   class members." <u>Mooney</u>, 54 F.3d at 1213-14.

10

11   Because the court only has minimal evidence at this
12   stage, the determination of whether opt-in plaintiffs
13   will be similarly situated "is made using a fairly
14   lenient standard, and typically results in 'conditional
15   certification' of a representative class." <u>Mooney</u>, 54
16   F.3d at 1214.  Courts require "nothing more than
17   substantial allegations that the putative class members
18   were together the victims of a single decision, policy,
19   or plan." <u>Thiessen</u>, 267 F.3d at 1102-3 (internal
20   quotations omitted).

21

22   Though at this stage the plaintiff's evidence may
23   show no more than a pattern of illegal conduct, this does
24   not prevent conditional certification, which is properly
25   understood as a case management tool and a means by which
26   courts can oversee and guide discovery.  <u>See</u> <u>Hoffmann-</u>
27   <u>LaRoche Inc. v. Sperling</u>, 493 U.S. 165, 169, 172

28

(1989)("Section 216(b)'s affirmative permission for
employees to proceed on behalf of those similarly
situated must grant the court the requisite procedural
authority to manage the process of joining multiple
parties in a manner that is orderly [and] sensible. . .
.").[2]

Furthermore, the mandatory language and the purpose
of the FLSA would be frustrated by a higher evidentiary
hurdle precluding employees who have suffered the same
illegal treatment by an employer from prosecuting one
action more efficiently and economically than would be
possible with numerous individual claims.  29 U.S.C. §
202 (describing purpose of FLSA "to correct and . . . to
eliminate . . . labor conditions detrimental to the
maintenance of the minimum standard of living necessary
for health, efficiency, and general well-being of
workers"); see also Alamo Found. v. Sec'y of Labor, 471
U.S. 290, 296-97 (1985) ("broad coverage is essential to
accomplish the goal of outlawing from interstate commerce

_____

[2] The Supreme Court considered a claim under the Age
Discrimination in Employment Act in Hoffman-LaRoche.  493
U.S. at 167.  Because the ADEA incorporates § 216(b) of
the FLSA's enforcement provisions, the Hoffman-LaRoche
decision is relevant here.  Id. (indicating that
"[s]ection 7(b) of the ADEA incorporates enforcement
provisions of the [FLSA] and provides that the ADEA shall
be enforced using certain of the powers, remedies and
procedures of the FLSA").

Case 5:09-cv-00216-VAP-OP    Document 19    Filed 02/02/09    Page 31 of 47    Page ID
#:32
Case 2:08-cv-00252-VAP-OP  Document 57  Filed 12/26/2008  Page 7 of 20

1  goods produced under conditions that fall below minimum

2  standards of decency") (citing <u>Mitchell v. Lubin,</u>

3  <u>McGaughy & Assoc.</u>, 358 U.S. 207, 211 (1959); <u>Powell v.</u>

4  <u>United States Cartridge Co.</u>, 339 U.S. 497, 516 (1950)).

5

6       After the court "conditionally certifies" a

7  representative class, it may authorize the named

8  plaintiffs to send notice to all potential plaintiffs and

9  set a deadline by which opt-in plaintiffs must file

10  consents to join the suit.  <u>See</u> <u>Advanced Textile</u>, 214

11  F.3d at 1064 (citing <u>Hoffmann-LaRoche</u>, 493 U.S. at 169,

12  172).  The case then proceeds as a representative action

13  throughout discovery.  <u>Mooney</u>, 54 F.3d at 1214.

14

15       The second stage of the two-tiered approach usually

16  is precipitated by a motion for decertification by the

17  defendant and occurs "after discovery is largely complete

18  and the matter is ready for trial."  <u>Mooney</u>, 54 F.3d at

19  1214.  At this stage, the court has much more evidence on

20  which to base its decision, and makes a factual

21  determination on whether the opt-in plaintiffs are

22  similarly situated.  <u>Id.</u>  The court may weigh several

23  factors, including: "(1) the disparate factual and

24  employment settings of the individual plaintiffs, (2) the

25  various defenses available to the defendant which

26  appear[] to be individual to each plaintiff, and (3)

27  ///

28

1  fairness and procedural considerations." <u>Pfohl</u>, 2004 WL
2  554834 at *2 (citing <u>Thiessen</u>, 267 F.3d at 1103).

3

4      If the court finds the claimants are similarly
5  situated, the representative action will proceed to
6  trial.  <u>Mooney</u>, 54 F.3d at 1214; <u>Hipp</u>, 252 F.3d at 1218
7  (quoting <u>Mooney</u>).  If, on the other hand, the claimants
8  are not similarly situated, the court decertifies the
9  class, and the opt-in plaintiffs are dismissed without
10 prejudice.  <u>Id.</u>  The original named plaintiffs and former
11 class representatives then proceed to trial on their
12 individual claims.  <u>Id.</u>

13

14                    **III. DISCUSSION**

15     In their Complaint, Plaintiffs defined a collective
16 class consisting of:

17              All persons who are or have been employed
18              by [Defendant] as a Sales Representative,
19              who were either misclassified as exempt,
20              and therefore erroneously denied overtime
21              compensations as required by federal wage
22              and hour laws, or not paid for all time
23              they suffered or permitted to work for
24              [Defendant] and therefore erroneously
25              denied overtime compensation as required
26              by federal wage and hour laws, at any
27              time within the United States within

28

                            8

1          three years prior to this action's filing

2          date  through  the  final  disposition  of

3          this case.

4    (Compl. ¶ 16.)

5

6    In their Motion, however, Plaintiffs seek conditional

7    certification of a narrower collective class consisting

8    of "sales representatives who were classified as exempt

9    employees since June of 2005." (Mot. at 6 n.36; Reply at

10   5.)  Defendant argues that Plaintiffs cannot narrow the

11   class definition at this stage of the litigation, but

12   provides no authority for that argument. (See Opp'n at

13   11-12.)  Indeed, courts routinely narrow class

14   definitions at the certification stage.  See, e.g.,

15   Gibson v. Local 40, Supercargoes and Checkers of Intern.

16   Longshoremen's and Warehousemen's Union, 543 F.2d 1259,

17   1264 (9th Cir. 1976) (approving a narrower class

18   definition than that proposed by the plaintiffs in order

19   to exclude non-typical class members).  Accordingly, the

20   Court considers conditional certification of the

21   following class:

22          All persons who Defendant employs or has

23          employed as a Sales Representative, who

24          Defendant misclassified as exempt since

25          June  1,  2005,  and  who  were  therefore

26          denied compensation required by federal

27          wage and hour laws.

28

Case 5:09-cv-00216-VAP-OP   Document 19   Filed 02/02/09   Page 34 of 47   Page ID
#:35
Case 5:08-cv-00025-VAP-OP   Document 57   Filed 12/26/2008   Page 10 of 20

## A.   First or Second Stage

Under the two-stage approach to collective class
certification, courts apply a lenient standard at the
first, or "notice" stage, and a stricter standard at the
second stage.  <u>Mooney</u>, 54 F.3d at 1213-14.  Here,
Defendant urges the Court to apply the stricter second
stage standard in considering Plaintiffs' Motion.

Defendant cites to <u>Smith v. T-Mobile USA, Inc.</u> for
their contention that the Court should apply the second
stage standard where, as here, the parties have exchanged
"voluminous discovery" on class certification issues.
(Opp'n at 12-15 (citing <u>Smith v. T-Mobile USA, Inc.</u>, No.
CV 05-5274 ABC (SSx), 2007 WL 2385131 (C.D. Cal. 2007)).)
In <u>Smith</u>, the court initially "applied the 'first tier'
analysis to Plaintiffs' Second Motion, based partly on
the view that significant discovery was still ongoing,
and issued a minute order granting Plaintiffs' Motion for
conditional certification."  <u>Smith</u>, 2007 WL 2385131, at
*2.  In deciding the defendant's motion for
reconsideration, however, the court applied the second-
tier analysis, because by that time, discovery as to
class certification was complete.  <u>Id.</u> at *4.

Defendant also cites <u>Pfohl v. Farmers Ins. Group</u>, No.
CV03-3080 DT (RCx), 2004 WL 554834 (C.D. Cal. 2004).  In
that case, as in <u>Smith</u>, the parties had already concluded

1  discovery as to class allegations, so the court applied a

2  second-tier standard.  Pfohl, 2004 WL 554834, at *2-*3.

3  Moreover, a second-tier standard was required because the

4  Pfohl plaintiff moved not for conditional certification,

5  but for final certification of a collective class.  Id.

6  at *1, *3.

7

8      Here, in contrast to the situation in Smith and

9  Pfohl, the parties have not finished discovery on class

10  issues.  (See Opp'n at 15 (conceding that Plaintiffs have

11  until August 4, 2008 to file their motion for class

12  certification under Rule 23).)  Moreover, unlike in

13  Pfohl, Plaintiffs here do not seek final certification,

14  but only conditional certification.  Additionally, the

15  procedural posture of this Motion is different from that

16  in Smith, where the court was deciding a motion for

17  reconsideration filed by the defendants.  As Defendant

18  explains, the purpose of the lenient first-tier standard

19  is to allow Plaintiffs time to "marshal their best

20  evidence" in support of the final certification motion.

21  (See Opp'n at 15 (citing Davis v. Charoen Pokphand (USA),

22  Inc., 203 F. Supp. 2d 1272, 1276 (M.D. Ala. 2004).)  This

23  purpose would be frustrated if, where Plaintiffs have

24  noticed and filed a motion for conditional certification,

25  Defendant could in its opposition convert the motion into

26  one for final certification.  Accordingly, the Court

27  ///

28

11

1 | applies the lenient first-tier standard in consideration
2 | of Plaintiffs' Motion for Conditional Certification.

3 |

4 | **B.   Similarly Situated**

5 |     At the first stage, a plaintiff satisfies its burden
6 | of establishing that class members are similarly situated
7 | by showing "nothing more than substantial allegations
8 | that the putative class members were together the victims
9 | of a single decision, policy, or plan."  Thiessen, 267
10 | F.3d at 1102-3.

11 |

12 |     Defendant employs approximately 1,500 full-time sales
13 | representatives in all fifty states and Puerto Rico.
14 | (Morgan Decl. Ex. 3, Girard Depo. ("Girard Depo.") at
15 | 159.)   Sales representatives work both at home and at
16 | Wal-Mart stores.  (Id. at 139-49.)   They receive
17 | information and products from Defendant at their homes,
18 | and deliver the products to Wal-Mart stores.  (See Mot.
19 | at 4 (citing, inter alia, Morgan Decl. Ex. 5, Decl.
20 | Huntsman ¶ 8).)   At the store, representatives stock
21 | products on the store shelves, process product returns,
22 | clean and maintain the area where the products are
23 | displayed, and set up product displays.  (See id. at 5
24 | (citing, inter alia, Morgan Decl. Ex. 5, Decl. Huntsman
25 | ¶¶ 8-9).)
26 | ///
27 | ///
28 |

1      Plaintiffs contend that "[a]ll Plaintiffs in all

2 states hired by Defendant prior to August of 2006 were

3 classified as exempt from overtime."  (Mot. at 11 (citing

4 Mot. Ex. 6, Johnson Depo. ("Johnson Depo.") at 9-11);

5 Reply at 4 (citing Opp'n Ex. 3, Girard Decl. ¶ 2; Johnson

6 Depo. at 49-50.)  The evidence cited by Plaintiffs for

7 this proposition, however, does not establish that such a

8 policy existed.  The deposition of Debbie Johnson merely

9 establishes that in August of 2006, Defendant

10 reclassified all sales representatives employed in Maine,

11 New Jersey, New Mexico, Washington, California, Alaska,

12 Hawaii, and Puerto Rico from salaried employees to hourly

13 employees.  (Johnson Depo. at 9.)  It also instituted a

14 new policy of classifying all newly hired sales

15 representatives in all states as hourly employees.  (Id.)

16 These changes applied to sales representatives regardless

17 what store they worked in or what product they were

18 responsible for.  (Id. at 10.)  While the deposition

19 establishes that both before and after August of 2006,

20 Defendant classified at least *some* sales representatives

21 as salaried employees, there is no evidence to establish

22 that it classified *all* sales representatives as exempt.

23 (See id. at 9-11; 49-50.)

24

25      Contrary to Plaintiffs' characterization of a common

26 policy to classify all sales representatives as exempt,

27 Defendant provides evidence that it reviewed the duties

28

Case 5:09-cv-00216-VAP-OP   Document 19   Filed 02/02/09   Page 38 of 47   Page ID
#:39
Case 2:08-cv-00232-VAP-OP   Document 57   Filed 10/20/2008   Page 15 of 20

1  of each individual representative to determine whether it

2  should classify that employee as exempt.  (See Johnson

3  Decl. ¶¶ 4-5.)   Indeed, since 2002 it has re-reviewed the

4  classification of seventeen percent of its sales

5  representatives in response to litigation and a

6  Department of Labor audit.  (Id.)   Currently, Defendant

7  classifies approximately seventy-four percent of its

8  sales representatives as exempt and the other twenty-six

9  percent receive hourly wages.  (Id. ¶ 8.)   Nevertheless,

10  Defendant's evidence shows that it maintained a policy

11  allowing sales representatives to be classified as

12  exempt, and that it changed that policy after August

13  2006.

14

15      Defendant argues that Plaintiffs are not similarly

16  situated because their job duties vary based on the

17  product the representative sells, the type and sales

18  volume of the Wal-Mart stores to which the representative

19  is assigned, the representative's "level," and the

20  management style of the representative's manager.  (Opp'n

21  at 17-18; Johnson Decl. ¶ 3.)   Defendant provides

22  declarations from sixty-four sales representatives to

23  show that different sales representatives cater to

24  different customers, promote different products, and work

25  with differing volumes of product.  (See Opp'n at 4-6

26  (citing, inter alia, Girard Decl. ¶¶ 5, 7, 9, 11, 14, 17-

27  20).)   Additionally, representatives vary their sales

28

1   tactics and product placement based on the Wal-Mart store
2   manager's wishes and requirements.  (Id. at 6-7 (citing,
3   inter alia, Girard Decl. ¶ 12.)   Representatives exercise
4   discretion in ordering differing amounts and types of
5   product and engaging in various promotions.  (Id. at 7-8
6   (citing, inter alia, Root Decl. ¶¶ 6, 9).)   Finally,
7   representatives control their own work schedule.  (Id. at
8   8-9 (citing, inter alia, Austin Decl. ¶ 5).)
9
10      None of Defendant's examples of representatives'
11  varied job activities contradict Plaintiffs' contention
12  that they are similarly situated.  Indeed, Defendant's
13  own declarations show that Plaintiffs' job duties are
14  substantially similar, even if the circumstances in which
15  they perform those duties, and the methods by which they
16  choose to accomplish the duties, are different.
17  Plaintiffs are similarly situated in that they receive
18  products and information from Defendant and stock,
19  maintain and promote those products in Wal-Mart stores.
20  (See Opp'n at 2-3; Girard Depo. at 139-49, 159; Mot. at
21  4-5.)
22
23      Plaintiffs have thus met their burden of setting
24  forth "substantial allegations" that sales
25  representatives who comprise the proposed class, i.e.,
26  those who Defendant classified as salaried employees,
27  were victims of a common policy allowing sales
28

1  representatives to be classified as exempt.  <u>See</u>
2  <u>Thiessen</u>, 267 F.3d at 1102-3.  Plaintiffs provide
3  declarations from twenty-five Plaintiffs from eighteen
4  states who Defendant classified as salaried employees.
5  (<u>See</u> Mot. at 12.)  Eighty-one salaried sales
6  representatives already have opted in to the proposed
7  class.  (<u>Id.</u>)  Plaintiff provides substantial evidence
8  that all Class Members were similarly situated with
9  respect to their fundamental job duties.  (<u>See</u> Opp'n at
10  2-3; Girard Depo. at 139-49, 159; Mot. at 4-5.)
11  Accordingly, the proposed class is appropriate for
12  conditional certification.
13
14  **B.  Notice**
15      Plaintiffs must provide notice to potential opt-in
16  class members that is "timely, accurate, and
17  informative."  <u>See Hoffmann-La Roche Inc. v. Sperling</u>,
18  493 U.S. 165, 172 (1989).
19
20      Plaintiffs have included a proposed Notice form with
21  their Motion.  (<u>See</u> Morgan Decl. Ex. 1, Notice of
22  Overtime Lawsuit ("Notice Form").)  Defendant argues that
23  Plaintiffs' proposed Notice Form is inaccurate because it
24  describes a class consisting of all "individuals who
25  worked as sales representatives during the past three
26  years," instead of the class which Plaintiffs seek to
27  certify, which is limited to "sales representatives who
28

1   were classified as exempt employees since June 2005."
2   (See Opp'n at 24.)  Plaintiffs argue that this difference
3   is immaterial because they will send the Notice Form only
4   to the more limited class.  (Reply at 12 n.8.)  Moreover,
5   the Notice Form makes clear that only the limited class
6   is eligible to participate, providing that recipients may
7   only join the class if they were employed "by Defendant
8   as a sales representative . . . at any time from June 2,
9   2005 to the present."  (See Notice Form.)  Plaintiffs,
10  however, do not object to amending the Notice Form to
11  reflect the limited class definition.  (Reply at 12.)
12  Accordingly, the Court approves the form of Notice
13  proposed by Plaintiffs, but amended to reflect a class of
14  "sales representatives who were classified as exempt
15  employees since June 2005."

16

17      Defendant also objects that Plaintiffs' proposed
18  deadline of ninety days for conditional class members to
19  opt in is too lengthy.  (Opp'n at 24.)  Defendant argues
20  that a ninety day deadline "will delay litigation."
21  (Id.)  In the context of this case, in which a hearing on
22  class certification pursuant to Rule 23 is set for
23  September 28, 2008, it will not delay the litigation to
24  allow collective class members to opt in for ninety days.
25  Accordingly, the Court approves the ninety day opt-in
26  period.
27  ///

28

17

Case 5:09-cv-00216-VAP-OP    Document 19    Filed 02/02/09    Page 42 of 47    Page ID
#:43
Case 2:08-cv-00252-VAP-OP   Document 57   Filed 11/26/2008   Page 18 of 20

1    Plaintiffs also seek an order requiring Defendant to
2    produce the names, addresses, telephone numbers, and
3    dates and location of employment of "all persons employed
4    by Defendant during the relevant statutory period who are
5    or were employed as sales representatives and who are or
6    were classified as exempt." (Mot. at 14.)  Defendant
7    objects that if it produces this information to
8    Plaintiffs, Plaintiffs are likely to harass its
9    employees.  (Opp'n at 14.)  As evidence of the risk of
10   harassment, Defendant provides the declarations of two
11   employees who have received letters from Plaintiffs
12   asking them to join the lawsuit.  (See Opp'n at 24
13   (citing Long Decl. ¶ 11; Wilson Decl. ¶ 13).)

14

15   Defendant provides no authority for its objection to
16   an order requiring disclosure of employee information.
17   (See id.)  In Stanfield v. First NLC Financial Services,
18   LLC, as here, the defendants argued the court should
19   appoint a third-party administrator to notify potential
20   class members, because disclosure of its employee's
21   contact information to the plaintiffs would compromise
22   the employees' privacy.  No. C 06-3892 SBA, 2006 WL
23   3190527, at *5 (N.D. Cal. 2006).  The plaintiffs argued
24   that such information was relevant and discoverable.  Id.
25   The court agreed that the defendants should disclose the
26   contact information to the plaintiffs because ordering a
27   ///

28

18

1  third-party administrator would add to the plaintiffs'
2  financial burden.   Id.
3
4      As in Stanfield, Plaintiffs here have requested the
5  employee contact information in discovery, it is relevant
6  and discoverable, and appointing a third-party
7  administrator would needlessly increase Plaintiffs'
8  costs.   Accordingly, an order requiring Defendant to
9  disclose that information is appropriate.
10
11                     **IV.  CONCLUSION**
12      For the foregoing reasons, the Court GRANTS
13  Plaintiff's Motion to Certify Class Conditionally.   The
14  Court conditionally certifies a class of:
15            All persons who Defendant employs or has
16            employed as a Sales Representative, who
17            Defendant misclassified as exempt since
18            June  1,  2005,  and  who  were  therefore
19            denied  compensation  required  by  federal
20            wage and hour laws.
21
22      The Court ORDERS Defendant to produce to Plaintiffs,
23  within ten days of this Order, a list, in electronic and
24  importable format, of all persons employed by Defendant
25  as sales representatives since June 2, 2005 and who are
26  or were classified as exempt employees, along with each
27  identified employees' name, address, job title, date of
28

                              19

1  employment in that position, and current employment

2  status.

3

4      Plaintiffs' counsel is authorized to send notice of

5  this action to all such persons, in the form set forth in

6  Exhibit 1 to the Declaration of Morgan, amended to

7  reflect a class of "sales representatives who were

8  classified as exempt employees since June 2005."

9  Putative class members are permitted to file notices of

10  consent through ninety days from the entry of this Order.

11

12

13  Dated:  July 10, 2008            _Virginia A. Phillips_

14                          VIRGINIA A. PHILLIPS
                          United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.    (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Teri Massoud, Jacqueline Ougel, Joyce Spears, individually and on behalf of others similarly situated | Anderson Merchandisers, LP |

| (b) County of Residence of First Listed Plaintiff   Muscogee Co., GA | County of Residence of First Listed Defendant   Potter Co., TX |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

| (c) Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| Jeremi K. Young, The Young Law Firm, P.C., 112 W. 8th Ave., Ste. 900-D, Amarillo, TX, 79191; 806-331-1800 | |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☒ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. Sec. 201, et seq.

Brief description of cause:
Defendant's failure to pay overtime compensation to Plaintiffs and others similarly situated

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ | CHECK YES only if demanded in complaint: |
|---|---|---|---|
| | | | JURY DEMAND:  ☐ Yes  ☒ No |

## VIII. RELATED CASE(S) IF ANY
(See instructions):    JUDGE   Hon. Virginia A. Phillips    DOCKET NUMBER   5:08-CV-00025 VAP (OP)

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 11/26/2008 | /s/ Jeremi K. Young |

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

Case 5:09-cv-00216-VAP-OP    Document 19    Filed 02/02/09    Page 46 of 47    Page ID
#:47
Case 2:08-cv-00220-J    Document 1-4    Filed 11/26/2008    Page 2 of 2

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**    **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**    **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**    Example:    U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is Oswald Parada.

The case number on all documents filed with the Court should read as follows:

## EDCV09- 216 VAP (OPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [X] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY